IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-8,315-07






EX PARTE JACK HARRY SMITH








ON SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 274702-C IN THE 230TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam. 

 

O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 Applicant was convicted of the offense of capital murder in July 1978. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Smith v. State, 676 S.W.2d 379 (Tex.
Crim. App. 1984), cert. denied, 471 U.S. 1061 (1985). This Court denied Applicant's initial
post-conviction application for writ of habeas corpus. Ex parte Smith, No. WR-8,315-05
(Tex. Crim App. Oct. 30, 1985)(denied without written order). This Court then denied in
part and dismissed in part Applicant's first subsequent application. Ex parte Smith, No. WR-8,315-06 (Tex. Crim. App. Sept. 10, 2003)(not designated for publication). Applicant's
instant post-conviction application for writ of habeas corpus was received in this Court on
January 16, 2009.

 Applicant presents five allegations. We have reviewed the application and find that
the following allegations satisfy the requirements of Texas Code of Criminal Procedure
Article 11.071, § 5: 

Claim I Mr. Smith's death sentence and execution violates the
Eighth and Fourteenth Amendments because he is a
person with mental retardation. 


Claim IV Mr. Smith was denied his Eighth and Fourteenth
Amendment rights to reliable sentencing because the jury
at this capital sentencing proceeding lacked an adequate
vehicle through which to express its reasoned moral
response to the circumstances of the offense, Mr. Smith's
character and background, and Mr. Smith's moral
culpability. 


Applicant has met the requirements for consideration of a subsequent application with regard
to these allegations. Accordingly, the cause is remanded to the trial court for consideration
of these allegations. Applicant's remaining allegations are dismissed. 

 IT IS SO ORDERED THIS THE 11th DAY OF MARCH, 2009.

Do Not Publish